MARK HANNA
v.
LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS.
No. 2007 CA 0170.
Court of Appeal of Louisiana, First Circuit.
November 2, 2007.
NOT DESIGNATED FOR PUBLICATION.
MARK HANNA, Plaintiff/Appellant In Proper Person.
WILLIAM KLINE, Counsel for Defendant/Appellee, Louisiana Department of Public Safety and Corrections.
Before PARRO, KUHN and DOWNING, JJ.
DOWNING, J.
We affirm the trial court's dismissal of this inmate's suit for damages because it was filed in a parish of improper venue.
Mark Hanna filed this suit in the Nineteenth Judicial District Court in East Baton Rouge Parish for injuries he allegedly incurred while incarcerated at the Winn Correctional Institute in Winnfield, Louisiana.[1]
The Commissioner's screening report concluded that Mr. Hanna was seeking monetary relief based on allegations that his constitutional rights were violated in the disciplinary appeal process. The report noted that Mr. Hanna's allegations raised a delictual claim that was subject to the venue requirements of La. R.S. 15:1184(F) in that the claim must be filed in the parish where the cause of action arose.
The trial court, adopting the Commissioner's report, signed a judgment granting an exception of improper venue, raised ex proprio motu. The lawsuit was dismissed without prejudice based upon a finding that Mr. Hanna raised a delictual action that must be filed in the parish where he was housed when the cause of action arose.
Louisiana Revised Statute 15:1184 provides in pertinent part:
B. ... The court, on its own motion, may raise an exception of improper venue and ... dismiss the suit.
***
F. The exclusive venue for delictual actions for injury or damages shall be the parish where the prison is situated to which the prisoner was assigned when the cause of action arose.
A review of the allegations set forth in Mr. Hanna's petition reveals that he is seeking monetary relief based on allegations that his constitutional rights were violated in the disciplinary appeal process. Pursuant to La. R.S. 15:1184 this action is a delictual action seeking damages, and exclusive venue lies where the cause of action arose. Thus, based on La. R.S. 15:1184(B) and (F), the trial court properly found that Mr. Hanna's suit was filed in a parish of improper venue. Accordingly, the trial court properly dismissed the suit. We hereby affirm the trial court's judgment in accordance with Uniform Rules-Courts of Appeal Rule 2-16.2(A)(2). Appeal costs are assessed against plaintiff-appellant, Mark Hanna.
AFFIRMED
NOTES
[1] Mr. Hanna also requested to consolidate this matter with a request for judicial review (Docket No. 509-439) that was dismissed October 21, 2005 based, on a finding that the matter was moot. There is no evidence that an appeal was taken from that judgment.